IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| TINA D. McCORMICK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-221-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RULE 60 RELIEF

The Plaintiff Tina D. McCormick was the prevailing party in this social security appeal and requested attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Defendant, the Commissioner of the Social Security Administration, did not object, so the Court awarded a total of $3,503.50 to the Plaintiff in accordance with 28 U.S.C. § 2412(d)(1)(A). When the money was paid, the United States applied an administrative offset of the entire amount to satisfy child support obligations owed by the Plaintiff in an unrelated matter. The Plaintiff's attorneys felt this was wrongful and tried without success to set aside the offset informally. When this failed they filed the Plaintiff's Rule 60 Motion for Relief from Judgment Regarding Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act [Docket No. 24], the gist of which is that the Court caused the wrongful offset by erroneously awarding the EAJA fees to the Plaintiff (instead of to her attorneys) and that the Court should grant relief under Fed. R. Civ. P. 60(b)

to correct its mistake. Once again, the Commissioner does not object, so the Court must now decide whether to set aside its January 17, 2006 order awarding attorneys' fees under the EAJA to the Plaintiff pursuant to Rule 60(b) and substitute in its place an order awarding said fees to the Plaintiff's attorneys.

At the outset, the question arises whether the Plaintiff's motion is timely. It was not filed until August 10, 2006, almost seven months after entry of the order in question. If the motion is made pursuant to Rule 60(b)(1), it is clearly untimely, as such motions must be made within the time allowed for filing a notice of appeal, *i. e.*, within sixty days pursuant to Fed. R. App. P. 4(a)(1)(B). *See, e. g., Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 578 (10th Cir. 1996) ("[W]e have construed the requirement in Rule 60(b)(1) that 'the motion shall be filed within a reasonable time' in this situation to be contemporaneous with the time constraints for taking a direct appeal."), *citing Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir. 1991). Much of the Plaintiff's argument is devoted to demonstrating error by the Court, *e. g.*, the Plaintiff refers to the Court's "failure" to address her request to order the EAJA fees paid directly to her attorneys and to "the flawed Court order," so it *does* appear that the Plaintiff is proceeding pursuant to Rule 60(b)(1). *See id.* at 576 ("[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments . . . where the judge has made a substantive mistake of law or fact in the final judgment or order."). On the other hand, the Plaintiff also refers to the offset of the EAJA fees as "newly discovered evidence," which would seem to implicate Rule 60(b)(2). This would make the motion timely, as such motions may be brought within one year of the order in question. *See* Fed.

R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.") But relief for "newly discovered evidence" requires, *inter alia*, a showing of materiality and an impact on the outcome, *i. e.*, that the evidence affects the merits of the issue decided. *See, e. g., Graham v. Wyeth Laboratories,* 906 F.2d 1399, 1416 (10th Cir. 1990) (the moving party must show, *inter alia*, that "the newly discovered evidence was material [and] that a new trial with the newly discovered evidence would probably produce a different result."). Here, the fact that the government might apply an offset to any monies due the Plaintiff would seem to have little to do with whether the Court properly awarded monies to the Plaintiff in the first place.[1]

In any event, even if her motion *is* timely, the Court finds that the Plaintiff is not entitled to relief under Rule 60(b). The EAJA is quite clear that attorneys' fees are to be awarded to a prevailing party, not to such party's attorneys. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award *to a prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred *by that party* in any civil action (other than cases sounding in tort)[.]") [emphasis added]. While there apparently is some authority for the

---

[1] The Plaintiff's motion would also be timely if made pursuant to Rule 60(b)(6), the catch-all provision pertaining to "any other reason justifying relief from the operation of the judgment." This provision has been found to be the appropriate one for, *inter alia*, seeking fees after a final judgment in a social security case pursuant to 42 U.S.C. § 406(b). *See McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006) ("We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award. ") [citations omitted].

proposition that it is not inappropriate to order an EAJA fee paid directly to an attorney, *see, e. g., Lowrance v. Hacker,* 966 F.2d 1153, 1156 (7th Cir. 1992); *but see Phillips v. General Services Administration,* 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the statute requires, any fee award is made to the 'prevailing party,' not the attorney. Thus, Phillips' attorney could not directly claim or be entitled to the award. "), the Plaintiff cites *no authority* for the proposition that *it is* inappropriate to award EAJA fees to the prevailing party as the statute requires. Indeed, the latest authority *in this circuit* would seem to be to the contrary. *See McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (contrasting an award of attorneys' fees under EAJA with an award under the Social Security Act and observing that "an EAJA award is to the claimant, while counsel receives an SSA award."). The Court therefore declines to hold that it acted erroneously in following the clear dictates of 28 U.S.C. § 2412(d)(1)(A), which is unambiguous and therefore *not* subject to any construction by the Court. *See, e. g., Schusterman v. United States,* 63 F.3d 986, 989 (10th Cir. 1995) ("In statutory interpretation we look to the plain language of the statute and give effect to its meaning . . . If the statute is clear, that is the end of our inquiry.") [internal citations omitted].

Furthermore, although the Court is not unsympathetic to the effect of its ruling on the Plaintiff's attorneys, to do what the Plaintiff asks here *would be* clearly erroneous. Simply put, the Plaintiff urges the Court to conclude that it erred when it did not circumvent the offset applied by the government. The effect of this would be to summarily decide disputes not properly before the Court: (i) whether the United States may legally assert an offset against fees awarded to the Plaintiff under the EAJA; (ii) whether the Plaintiff's attorney has

an enforceable lien on the EAJA fee award arising out of his contract with the Plaintiff, *see, e. g., State ex rel. Oklahoma Bar Ass'n v. Cummings,* 1993 OK 127, ¶ 12, 863 P.2d 1164, 1168-69 ("Oklahoma law recognizes two types of lien by which a lawyer may secure payment for services: (1) a statutory charging lien [under 5 Okla. Stat. § 6] and (2) a common-law general possessory or retaining lien.") [footnotes omitted]; and, (iii) whether any attorney's lien has priority over the government's right of offset. Assuming *arguendo* that it would not otherwise be inappropriate to order the payment of the Plaintiff's EAJA fee directly to her attorney, it clearly would be inappropriate to do so in the face of these unresolved disputes without at least giving notice and an opportunity to be heard to the affected agency, which is likewise not before the Court.

Accordingly, the Plaintiff's Rule 60 Motion for Relief from Judgment Regarding Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act [Docket No. 24] is hereby DENIED.

**IT IS SO ORDERED** this 24th day of April, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**